STEPHEN V. BOMSE (Bar No. 40686)
E-Mail: stephen.bomse@hellerman.com
CATHERINE P. ROSEN (Bar No. 62662)
E-Mail: catherine.rosen@hellerehrman.com
BETH P. McLAIN (Bar No. 232916)
E-Mail: beth.mclain@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALSONGS, EMI APRIL MUSIC INC., DESMOBILE, INC., YOUNG MAN MOVING, INC., EX VW, INC., COOL ROCK STUFF, INDIAN LOVE BRIDE MUSIC, UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., AND BON JOVI PUBLISHING,<br><br>Plaintiffs,<br><br>v.<br><br>GOOSETOWN, INC. AND GARY CRAIG ROVAI,<br><br>Defendants. | Case No.: C-07-1312 SI<br><br>**CONSENT JUDGMENT** |

The Complaint in this action was filed on March 6, 2007 by Realsongs, EMI April Music Inc., Desmobile, Inc., Young Man Moving, Inc., EX VW, Inc., Cool Rock Stuff, Indian Love Bride Music, Universal Polygram International Publishing, Inc., and Bon Jovi Publishing, ("Plaintiffs"), in the United States District Court for the Northern District of California. Defendants Goosetown, Inc. and Gary Craig Rovai have not answered the

1  Complaint.

2  The American Society of Composers, Authors and Publishers ("ASCAP"), on behalf
3  of Plaintiffs, through their undersigned counsel, and Defendants, through their undersigned
4  counsel, have agreed, that: (1) Plaintiffs were, on the dates alleged on Schedule A to the
5  Complaint, the respective owners of valid copyrights in the six songs listed on Schedule A
6  to the Complaint; (2) Defendants did at all times relevant to this action own, control,
7  manage, operate or maintain a place of business for amusement and refreshment known as
8  Goosetown Lounge, located at 1072 Lincoln Ave., San Jose, California; (3) Plaintiffs' songs
9  were performed publicly at Defendants' place of business known as Goosetown Lounge
10 without permission of the Plaintiffs or license from their performing rights licensing
11 organization, ASCAP; (4) such performances of Plaintiffs' copyrighted songs were willful
12 infringements of Plaintiffs' copyrights; and (5) there is a danger that such infringing
13 conduct will continue, thereby causing irreparable injury to Plaintiffs for which damages
14 cannot be accurately computed, and necessitating the granting of injunctive relief against
15 Defendants' continued infringing conduct.

16 Therefore, the parties have agreed that Plaintiffs' claims and all claims of any other
17 members of ASCAP based on prior alleged unauthorized nondramatic public performances
18 of their copyrighted musical works at Goosetown Lounge for all periods up to and including
19 the date of entry of this judgment shall be settled on the bases set forth below; and that
20 based on the foregoing the Court may enter judgment accordingly.

21 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

22 1.  Defendants and anyone acting under his or its direction or authorization are
23 enjoined and restrained permanently from publicly performing any or all of the Plaintiffs' or
24 and other ASCAP members' copyrighted musical compositions and from causing or
25 permitting such copyrighted musical compositions to be publicly performed at the
26 establishment known as Goosetown Lounge located in San Jose, California, or any other
27 facility owned, operated or conducted by Defendants, and from aiding and abetting public
28 performances of such compositions, unless Defendants shall have previously obtained

permission to give such performances either directly from the copyright owners of such compositions, or by license from ASCAP.

2. The Court hereby enters its judgment in favor of Plaintiffs and against Defendants on the Complaint of Plaintiffs on file herein in the principal sum of $10,500.00 ("the judgment amount") together with interest thereon at the statutory rate from the date of entry of this Consent Judgment, as well as attorneys' fees incurred by Plaintiffs to enforce this judgment, *provided*, however, that ASCAP, on behalf of the Plaintiffs, and Defendants have agreed that this judgment may be satisfied by Defendants' payment of the sum of $7,500 ("the settlement amount") in installments as set forth in the Settlement Agreement entered by the parties on June 4, 2007, attached hereto as Exhibit A (the "Settlement Agreement").

3. Upon timely receipt of payment of the settlement amount submitted in accordance with the Settlement Agreement (or the judgment amount, if applicable), Plaintiffs shall file a Satisfaction of Judgment with this Court.

4. In the event that Defendants shall default in making any payments required by this consent judgment or file for bankruptcy, Plaintiffs may, upon five days' written notice from Plaintiffs' counsel to Defendants' counsel, execute on this Consent Judgment in the amount of $10,500 plus accrued interest, less any payments made by Defendants in accordance with Paragraph 2 above. In the event that any Defendant files for bankruptcy, any balance due on this judgment shall be deemed a non-dischargeable debt.

5. The parties hereto waive the right of appeal from this judgment.

Dated:   6/7   , 2007

_____
Honorable Susan Illston
United States District Court Judge

We Agree to Entry of the Foregoing Consent Judgment:

Dated: May 31, 2007

HELLER EHRMAN LLP

By: _____
Beth P. McLain
Attorneys for Plaintiffs

Dated: 5/5/07, 2007

MILLER, DOMINO & ACKERMAN

By: _____
Ernest L. Miller
Attorney for Defendants

Dated: 5/5/07, 2007

GOOSETOWN, INC. and GARY CRAIG ROVAI

By: _____
Gary Craig Rovai
for himself and as authorized representative
for Goosetown, Inc.